UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X  22 Cr. 640 (KMK)
UNITED STATES OF AMERICA                                            :
                                                                    :
                              Plaintiffs,                           :
           -against-                                                :   **ORDER**
                                                                    :
Dejon Scott,                                                        :
                                                                    :
                                                                    :
                              Defendant.                            :
                                                                    :
-------------------------------------------------------------------- X

WHEREAS the Westchester County Correctional Facility ("WCCF") has agreed to provide meaningful access for Dejon Scott, the above-referenced defendant, to review discovery and other case materials; and WHEREAS measures can be taken for Mr. Scott to review case materials on a laptop computer without jeopardizing the security and operational interests of the WCCF;

IT IS HEREBY ORDERED that:

1. For the sole purpose of reviewing discovery in the above-captioned matter, Mr. Scott may have access at the WCCF to an "air-gapped" laptop computer (the "Laptop") that is disabled from accessing the internet, local area networks, or other electronic devices;

2. Upon receipt of an acceptable laptop computer from counsel for Mr. Scott, the Government shall: (a) ensure that the laptop is appropriately "air-gapped" and compatible with the WCCF's security requirements; (b) load all of the Rule 16 discovery, subject to the terms of the Protective Order entered in this case, and (c) promptly deliver the laptop containing the discovery to the proper authorities at the WCCF;

3. The Laptop shall be password protected and maintained in a location acceptable to personnel;

4. personnel will provide Mr. Scott with reasonable access to the Laptop at the WCCF;

5. This Order shall remain in effect until the case is completed and a copy of this Order shall be made available to any unit where Mr. Scott is housed, whether in the Segregated Housing Unit

("SHU") or otherwise; and

6. Mr. Scott shall execute an agreement setting forth his understanding that:

    (a) he may use the Laptop for the sole purpose of reviewing discovery that relate to his criminal case;

    (b) that he shall not share the Laptop or the materials loaded onto the Laptop with other inmates or with any attorney not appointed to this case without an order of this Court, and he may not show or otherwise disseminate any of the materials or contents of these materials with any other inmate, staff, or other persons, other than his attorneys appointed to this case, without an order of this Court;

    (c) that he will not access or attempt to access the internet or any form of wireless communication;

    (d) that he will forfeit his right under this Order to use the Laptop in the future, and that he may expose himself to criminal prosecution for possessing or distributing a "prohibited object" as that term is defined in 18 U.S.C. § 1791(d), should he violate any of these understandings.

SO ORDERED:

*/s/ Kenneth M. Karas*

Hon. Kenneth M. Karas

United States District Judge

Dated: September 20, 2023